(Court of Common Pleas, Cuyahoga Co.)
Delivered May 17, 1897.

## CHARLES EMERMAN v. MARTIN BRUDER.

*Slander—*

Witness giving testimony claimed to be slanderous not subject to action for slander where testimony is pertinent to the issue in the case.

### DELLENBAUGH, J.

The petition in the case at bar, charges the defendant with having spoken certain false and slanderous words of, and concerning the plaintiff, while giving his testimony as a witness in a certain case before the police court, of the city of Cleveland, a court having jurisdiction of the subject-matter then on trial, in answer to questions asked him as such witness. The petition does not show that the answers complained of were not relative to the issue then on trial, or than they were not honestly believed to be true, although in fact they were false.

Defendant demurs to the petition upon the ground that it does not state facts sufficient to constitute a cause of action.

Now, let us see whether the demurrer should be sustained, or not. The court must presume, in the absence of an averment to the contrary, that the answers of the defendant were within the scope of the inquiry, pertinent to the issue then on trial in the police court, and that they were honestly believed by the defendant to be substantially true.

It is a well settled rule of law, founded on public policy, that a witness in giving evidence, written or oral, in a court having jurisdiction of the subject matter, shall do so with his mind uninfluenced by the fear of an action for slander, or a prosecution for libel. Life v. Gaster, 42 Ohio St., 634; and cases cited in the opinion.

This rule of law must be applied in the case at bar; and therefore this action, under the allegations contained in the petition, cannot be maintained.

Demurrer to petition sustained. Judgment accordingly.

J. A. Mutersbaugh and E. A. Gongwer, Counsel for Plaintiff.

Norton, Ford, Boyd and Crowl, Counsel for Defendant.